UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                :

AKF INC. D/B/A FUNDKITE,              :

                         Petitioner,    :

                                :

              -v-             :

MAZZONI CENTER D/B/A MAZZONI     :
CENTER/MAZZONI CENTER OUR HEALTH. OUR  :
LIVES. OUR COMMUNITY, RACHELLE DENISE  :
TRITINGER, 1334-48 BAINBRIDGE STREET LLC,  :
and MAZZONI CENTER D/B/A MAZZONI CENTER –  X
WASHINGTON WEST,

                         Respondents.

------------------------------------------------------------------------

24 Civ. 7701 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On October 10, 2024, respondents Mazzoni Center and 1334-48 Bainbridge Street, LLC

filed a notice of removal in this case, asserting diversity of citizenship of the parties as the sole

basis for federal jurisdiction. Dkt. 1 at 2–4. The citizenship of an LLC is the citizenship of each

of its constituent members. While the notice of removal states that 1334-48 Bainbridge Street,

LLC is "located in" Pennsylvania, neither the notice of removal nor the complaint appended to

the notice indicate the citizenship of the LLC's members. Dkt. 1 at 2; *see* Dkt 1-1 at 4–5. The

complaint alleges that Mazzoni Center is a corporation organized under the laws of

Pennsylvania. *Id.* at 4.

To enable the Court to determine whether there is diversity of citizenship, the removing

respondents must submit to the Court **within 5 days following the date of this order** a letter,

filed on ECF, providing the following information:

1

(1) the citizenship of all petitioners and all named respondents;

(2) the citizenship of natural persons who are members of the LLC;

(3) the place of incorporation and principal place of business of any corporate entities who are members of the LLC;

(4) Whether all respondents who had been served at the time of removal joined in the notice of removal; and

(5) Whether the notice of removal was dated more than 30 days after the first respondent was served.

See *Handelsman v. Bedford Village Assoc.*, 213 F.3d 48, 51–52 (2d Cir. 2000) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998)); *Strother v. Harte*, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members."); *Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990) ("[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power.").

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: October 11, 2024
New York, New York